KATHERINE GRIFFIN, Respondent, *v.* MICHAEL L.° FLANK, Appellant.

APPEAL by the defendant from a judgment rendered in favor of the plaintiff in the City Court of the city of New York after a trial before the court and a jury.

David Steckler, for appellant.

Wellman & Gooch, for respondent.

SCOTT, J. The plaintiff, an employee of defendant, was injured in consequence of the fall of a pulley from a shaft, over her head. The pulley was upon a shaft, and a belt or band ran upon it and thereby communicated power to the machine at which plaintiff worked. There was no evidence as to what caused the pulley to slip off the end of the shaft; although it seems to have been conceded by both parties that, in some way, a nut on the end of the shaft had become loosened. The complaint alleges that the shafting and fly-wheel or pulley and the equipments and attachments thereto were defective, weak, old, rusted and rotten and unfit for the purposes for which they were used. The evidence showed that the precise contrary was the fact. There being no evidence of any negligent act or omission on the part of the defendant, the learned court applied the rule of *res ipsa loquitur,* and charged the jury that plaintiff had made out a *prima facie* case of negligence by simply proving that the wheel fell from the shaft and struck her. In this we consider that error was committed. As has frequently been pointed out, the rule applied by the court below is merely a rule of evidence, and is to be applied only where the evidence of the attendant circumstances, coupled with the fact that an accident happened, is sufficient to raise an inference of negligence, without definite proof of any specific act. Griffen v. Manice, 166 N. Y. 188; Fink v. Slade, 66 App. Div. 105; Moran v. Munson Steamship Line, 82 id. 489. In the present case there was absolutely nothing in the attendant circumstances to suggest that defendant had failed in any duty which he owed to plaintiff. The machinery was new, had been purchased from and set up by an experienced manufacturer, was of an approved pattern in general use; and defendant had provided an employee whose especial duty it was to frequently inspect the shafting and tighten any nuts which might have become loosened. As the facts were disclosed by the evidence, there was no room for the application of the rule invoked by the court. Since this error was fundamental, there being no evidence of negligence, if the fact

that the pulley fell was not in itself such evidence, it follows that the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

Bischoff and Fitzgerald, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.